CASE 16—PETITION EQUITY—SEPTEMBER 23.

## Goodman vs. Boren, &c.

APPEAL FROM THE TODD CIRCUIT COURT.

A proceeding to sell, on account of indivisibility, slaves belonging to joint tenants, should be conformable with *art.* 2, *ch.* 86, *of Rev. Stat.* The provisions of *art.* 5, of same chapter, are not applicable to such proceeding.

---

Cessna vs. Stedman.

---

BRISTOW & PETREE, for appellant, cited *Rev. Stat., art. 5, ch.* 86.

H. G. BIBB for appellees.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT :

Article 2, chapter 86, of the Revised Statutes (2 *Stanton,* 303), has not been modified by any other enactment ; and a proceeding to sell, on account of indivisibility, a slave or slaves belonging to joint tenants, should be conformable with the provisions of that article. None of the provisions of article 5, of the same chapter, prescribing the mode of obtaining the sale of the land and slaves of married women on their petition, are applicable to the case of a petition by any joint owner of a slave to sell, because the property is indivisible, and which includes all joint owners, without regard to the *status* of any of them, as infants, married women, or competent adults.

The proceeding in this case seems to have been substantially valid and legal under the said article 2; and therefore the appellant, as purchaser of the slave sold under the order of the court, had no right to set aside the sale as void or as not assuring a good title.

Wherefore, the judgment overruling his exception to the sale on that ground seems to have been right, and is affirmed.